IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICIA HUBERT, Individually and as Special Administrator for the Estate of ROBERT HUBERT, deceased,<br><br>Plaintiff,<br><br>-vs.-<br><br>GENERAL ELECTRIC COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:16-cv-51<br>)<br>)<br>)<br>) |

## COMPLAINT

### COUNT I
### NEGLIGENCE COUNT
### AS TO MANUFACTURERS OF ASBESTOS PRODUCTS

COMES now the Plaintiff, PATRICIA HUBERT, Individually and as Special Administrator for the Estate of ROBERT HUBERT, Deceased, by her attorneys, SHRADER & ASSOCIATES, LLP, and for her cause of action against the Defendants, states:

1. The Plaintiff, PATRICIA HUBERT is the spouse and next-of-kin of the deceased, ROBERT HUBERT and currently resides in Summerville, South Carolina.

2. That Plaintiff PATRICIA HUBERT is the duly appointed Personal Representative for the Estate of ROBERT HUBERT, deceased.

3. The Decedent ROBERT HUBERT served his country in the US Navy a nuclear machinist mate from approx. 1966-86 stationed at Groton, CT, Bremerton, WA as well as aboard several subs including, but not limited to the USS Ethan Allen and USS Tecumseh. Additionally, Plaintiff trained at the West Milton Nuclear Power Training Unit in New York.

4. During the course of his employment at the locations mentioned above, the Decedent was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from certain products he was working with and around which were manufactured, sold, distributed or installed by Defendant GENERAL ELECTRIC COMPANY.

5. Plaintiff brings this action pursuant to 28 U.S.C. §1332(a) for diversity and jurisdictional amounts in excess of $75,000.00.

6. At all times herein set forth, the Defendant's products were being employed in the manner, and for the purposes for which they were intended.

7. The Decedent's exposure to and inhalation, ingestion or absorption of the asbestos fibers emanating from the above-mentioned products was completely foreseeable and could or should have been anticipated by the Defendant.

8. The Defendant knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

9. That on or about January 27, 2015, Plaintiff first became aware that he had developed Mesothelioma.

10. At all times herein relevant, the Defendant had a duty to exercise reasonable care and caution for the safety of the Decedent and others working with and around the products of the Defendant containing asbestos.

11. The Defendant failed to exercise ordinary care and caution for the safety of the Decedent in one or more of the following respects:

    (a) Included asbestos in their products, even though it was completely foreseeable and could or

        should have been anticipated that persons such as the Decedent working with or around them would inhale, ingest or otherwise absorb great amounts of that asbestos;

(b) Included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

(c) Included asbestos in their products when adequate substitutes for the asbestos in them were available;

(d) Failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

(e) Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them; and

(f) Failed to conduct tests on the asbestos containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers such as the Decedent might be exposed while working with the products.

      12. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendant mentioned above, the Decedent was exposed to and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers causing Decedent to develop Mesothelioma, which untimely led to his death; the Decedent, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his

asbestos-induced disease and conditions and to alleviate the pain, suffering, mental anguish and physical disability caused by his injury; the Decedent, prior to his death, experience great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the Decedent was hindered and prevented from pursing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him and his estate; further, by reason of the death of the Decedent, his family has been deprived of his means of support and has lost the society of the Decedent; lastly, substantial sums of money were expended by the Decedent's estate for funeral and burial expenses.

WHEREFORE, Plaintiff prays judgment be entered against the Defendant for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Decedent's injuries.

Respectfully submitted,

PATRICIA HUBERT, Individually and as Special Administrator for the Estate of ROBERT HUBERT, Deceased, Plaintiff

## COUNT II
## WILFUL AND WANTON COUNT
## AS TO MANUFACTURERS OF ASBESTOS PRODUCTS

COMES now the Plaintiff, PATRICIA HUBERT, Individually and as Special Administrator for the Estate of ROBERT HUBERT, Deceased, by her attorneys, SHRADER & ASSOCIATES, LLP, and for her cause of action against the Defendant, states:

1. - 10.   Plaintiff repeats and re-alleges Paragraphs 1 - 10 of Count I as and for Paragraphs 1 - 10 of this Count II.

11. Defendant is guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

    (a)    Intentionally or with a reckless disregard for the safety of Decedent, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as the Decedent working with or around them would inhale, ingest or otherwise absorb great amounts of that asbestos;

    (b)    Intentionally or with a reckless disregard for the safety of Decedent, included asbestos in their products when the Defendant knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

    (c)    Intentionally or with a reckless disregard for the safety of Decedent, included asbestos in the products when adequate substitutes for the asbestos in them was available;

    (d)    Intentionally or with a reckless disregard for the safety of the Decedent, failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

    (e)    Intentionally or with a reckless disregard for the safety of the Decedent, failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them; and

    (f)    Intentionally or with a reckless disregard for the safety of the Decedent, failed to conduct tests on the asbestos containing products manufactured, sold or delivered by the Defendant in order to determine the hazards to which workers such as

the Decedent might be exposed while working with the products.

12. Plaintiff repeats and re-alleges Paragraph 12 of Count I as and for Paragraph 12 of this Count II.

WHEREFORE, Plaintiff prays that she be awarded, in addition to compensatory damages, punitive and exemplary damages in an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

Respectfully submitted,

PATRICIA HUBERT, Individually and as Special Administrator for the Estate of ROBERT HUBERT, Deceased, Plaintiff

## COUNT III
## LOSS OF CONSORTIUM

1. Plaintiff PATRICIA HUBERT, hereby incorporates the allegations contained in Counts I-II of the Complaint.

2. That as a direct and proximate result of one or more of the foregoing acts or omissions of the Defendants, the Plaintiff, PATRICIA HUBERT, as well as other family members, has been deprived of the companionship, society and services with her husband, ROBERT DALE HUBERT, all to her damage in an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

WHEREFORE, Plaintiff prays judgment to be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries.

Respectfully submitted,

PATRICIA HUBERT, Individually and as Special Administrator for the Estate of ROBERT HUBERT, Deceased, Plaintiff

SHRADER & ASSOCIATES, LLP

 /s/ ALLYSON M. ROMANI
Ross D. Stomel, Esq. #6308405
ross@shraderlaw.com
Allyson M. Romani #6283868
allyson@shraderlaw.com
3900 Essex Ln., Suite 390
Houston, TX 77027
Telephone: 713-782-0000
Facsimile: 713-571-9605