IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICIA HUBERT, Individually<br>and as Special Administrator for the<br>Estate of ROBERT HUBERT, deceased<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)　Case No. 16-CV-51-SMY-PMF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

　　　This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("it is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case"). In this action, Plaintiff, Patricia Hubert, asserts claims against Defendant General Electric Company ("GE") arising from the death of Plaintiff's Decedent, Robert Hubert. According to Plaintiff's Complaint, Decedent developed mesothelioma resulting in his death. (*See* Doc. 1). Plaintiff asserts that this Court has original jurisdiction over the action based on the complete diversity of the parties pursuant to 28 U.S.C. § 1332. Plaintiff, however, has failed to properly plead diversity jurisdiction.

　　　"For a cause to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *Fidelity & Deposit Co. of Md. V. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983). Additionally, an amount in excess of $75,000, exclusive of interest and costs, must be in

1

controversy.  *See* 28 U.S.C. § 1332(a)(1).  Plaintiff, as the proponent of federal subject matter jurisdiction in this case, bears the burden of proof as to the existence of such jurisdiction.  *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006).

Plaintiff asserts that she resides in South Carolina and is the "duly appointed Personal Representative for the Estate of Robert Hubert…" (*See* Doc. 1, p. 1).  The statutory grant of diversity jurisdiction to the federal courts provides, in pertinent part, that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." *See* 28 U.S.C. § 1332(c)(2); *see also Clevenger v. Eastman Chem. Co.,* No. 07-cv-148-DRH, 2007 WL 2458474, at * *4-5 (S.D.Ill. Aug. 24, 2007) (holding in an action under the Illinois Wrongful Death Act that the citizenship of the administrator of a decedent's estate is that of the administrator's decedent).  Thus, where Plaintiff resides is irrelevant to establishing diversity jurisdiction.[1]  Rather, because Plaintiff brings this action in a representative capacity, her citizenship for diversity purposes is that of her Decedent.  Plaintiff's Complaint is devoid of any allegations regarding the citizenship of the Decedent.  Plaintiff's Complaint is also defective in that it contains no allegations regarding GE's citizenship.  Accordingly, Plaintiff must amend her Complaint to properly allege the citizenship of both Decedent Robert Hubert and GE.

Finally, the Court's exercise of diversity jurisdiction also requires that an amount in excess of $75,000.00, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1).  To determine the amount in controversy, the Court looks to the face of the complaint.  *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).  In this case, the Complaint does not clearly establish the amount in controversy.  At one point,

---

[1] The Court notes that "residence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction.  *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).  As such, Plaintiff's allegations regarding residency are insufficient to establish diversity jurisdiction.

Plaintiff alleges that the jurisdictional amount is "in excess of $75,000.00" (*See* Doc. 1, p. 2). Plaintiff's *ad damnum* clause, however, requests an "amount in excess of $50,000.00" (*See* Doc. 1, p. 3). As such, the Complaint does not fairly and clearly demonstrate that the amount-in-controversy requirement of § 1332 has been met. *See, Morales v. Menard, Inc*., No. 12-CV-9082, 2014 WL 1364996, at *1 (N.D. Ill. Apr. 7, 2014) ("The party seeking federal jurisdiction bears the burden to prove that the amount-in-controversy requirement of § 1332 has been met and that this Court has jurisdiction").

Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff is **ORDERED** to file an Amended Complaint addressing the aforementioned defects on or before March 31, 2016. All pending motions are **MOOT**.

    **IT IS SO ORDERED.**

    **DATED: March 10, 2016**

    **s/ Staci M. Yandle**
    **STACI M. YANDLE**
    **United States District Judge**