IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICIA HUBERT, Individually and as Special Administrator of the Estate of ROBERT HUBERT, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY,<br><br>Defendant. | Case No. 3:16-CV-00051-SMY-PMF<br><br>JURY TRIAL DEMANDED |

## DEFENDANT GENERAL ELECTRIC COMPANY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF SPECIFIC AND GENERAL PERSONAL JURISDICTION

COMES NOW Defendant General Electric Company ("General Electric"), by and through its attorneys of record Armstrong Teasdale LLP, and hereby files its Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Specific and General Personal Jurisdiction over General Electric, pursuant to Fed. R. Civ. P. 12(b)(2). This Court should find that it does not have personal jurisdiction over General Electric in this case. Plaintiff does not allege any conduct by General Electric which would give rise to any liability of General Electric in Illinois as to this claim. Plaintiff has also not established that General Electric is essentially "at home" in this jurisdiction. Therefore, this Court lacks personal jurisdiction over General Electric, and General Electric should be dismissed as a defendant in this matter for lack of jurisdiction.

## BACKGROUND

Plaintiff brought this action against General Electric for injuries Robert Hubert, ("Decedent"), allegedly sustained due to exposure to asbestos-containing products "manufactured, sold, distributed, or installed" by General Electric. First Amend. Compl., Background, ¶2. The First Amended Complaint further alleges that Decedent was exposed to

General Electric's asbestos products from 1966 to 1986 while a nuclear machinist mate in the United States Navy, stationed at Groton, Connecticut and Bremerton, Washington, and while serving aboard several submarines, including, the USS Ethan Allen and the USS Tecumseh. In addition, Plaintiff asserts that Decedent was trained at the West Milton Nuclear power Training Unit in New York. First Amend. Compl., Background, ¶ 1.

Although Plaintiff claims that Decedent worked with and around products that were "manufactured, sold, distributed, or installed" by Defendant, Plaintiff does not allege that Decedent used or was exposed to any products manufactured or sold by General Electric in Illinois specifically related to this claim. General Electric is a New York corporation with its principal place of business in Connecticut, therefore, Plaintiff has failed to establish any basis for this Court's jurisdiction over General Electric, and this Court should grant General Electric's Motion to Dismiss for Lack of Specific and General Personal Jurisdiction. Once a defendant challenges jurisdiction, Plaintiff has the burden of establishing a prima facie case that the Defendant is subject to the Court's jurisdiction. *Kipp v. Ski Enterprise Corp of Wisc.*, 783 F.3d 695, 697 (7th Cir. 2015).

### I. GENERAL vs. SPECIFIC JURISDICTION

The Supreme Court in *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846 (2011), discussed the distinctions between specific and general jurisdiction. The Court stated, "A state court's assertion of jurisdiction exposes defendants to the State's coercive power, and is therefore subject to review for compatibility with the Fourteenth Amendment's Due Process Clause." *Id.* at 2850 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Further, "[o]pinions in the wake of the pathmaking *International Shoe* decision have differentiated between general or all-purpose jurisdiction, and specific or case-linked

jurisdiction." 131 S. Ct. at 2851 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, nn. 8, 9 (1984)).

The *Goodyear* decision differentiated between specific and general personal jurisdiction by looking to the foreign corporation's connection to the state and to the cause of action. The Court stated: "Specific jurisdiction… depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* at 2851 (quoting Arthur T. von Mehren & Donald T. Trautman, Jurisdiction to Adjudicate: A Suggested Analysis, 79 Harv. L.Rev. 1121, 1136 (1966)). In comparison, "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." 131 S. Ct. at 2851; *International Shoe*, 326 U.S. at 317. The Supreme Court recently affirmed this distinction, holding in *Daimler AG v. Bauman,* 134 S. Ct. 746, 751 (2014), that "a court may assert [general] jurisdiction over a foreign corporation 'to hear any and all claims against [it]' only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Id.* citing *Goodyear*, 131 S. Ct. at 2581. *Daimler* has significantly changed the burden on a plaintiff to establish general jurisdiction over a non-resident defendant corporation. In *Daimler,* the Court made clear that the mere casual presence of a non-resident defendant corporation in a state is not enough to establish general jurisdiction over that defendant.

As the Court noted in *Daimler*, "the placement of a product into the stream of commerce 'may bolster an affiliation germane to *specific* jurisdiction' . . .[ but] such contacts 'do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a

defendant.'" 134 S. Ct. at 757. The Court specified, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760. Therefore, "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" 134 S. Ct. at 760 (quoting Brilmayer, et al, A General Look at General Jurisdiction, 66 Texas L. Rev. 721, 735 (1988)).

In *Daimler,* the Court determined that defendant Daimler AG's "slim contacts" with the state of California were not sufficient to "render" it "at home" in California. The Court noted that Daimler AG was not incorporated in California, and only conducted business in California through its wholly-owned subsidiary. 134 S. Ct. at 752, 760. Therefore, the Court held that Daimler AG was not subject to the California court's general jurisdiction under that state's long-arm statute. Here, Defendant General Electric is neither "at home" in Illinois, nor has Plaintiff established *any* connection between Illinois, the underlying claims, and General Electric.

## II. ILLINOIS' LONG-ARM STATUTE

### A. Personal Jurisdiction in Illinois

Personal jurisdiction over a defendant represents the authority of a court to enter a valid judgment imposing a personal obligation or duty on a defendant. See, *Advanced Tactical Ordinance Syst., LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 800-01 (7th Cir. 2014). Personal jurisdiction over a non-resident defendant requires a two-part showing. The first is that the forum state's long-arm statute must be satisfied, and the second is that the reviewing Court must determine if the defendant has sufficient contacts with the forum state to satisfy the Due Process Clause of the Fourteenth Amendment. *Goodyear*, 131 S. Ct. at 2850; *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). The provisions of the Illinois long-arm statute, 735 ILCS 5/2-209,

must conform to the requirements of recent Supreme Court rulings for Illinois Courts to exercise jurisdiction over a non-resident defendant.

A. <u>Specific Jurisdiction</u>

Personal jurisdiction based on specific jurisdiction "is available for a suit that arises out of the forum-related activity." *Advanced Tactical*, 751 F.3d at 800. The Illinois Supreme Court, in *Russell v. SNFA*, 987 N.E.2d 778 (Ill. 2013), addressed the issue of the application of personal jurisdiction under the Illinois long-arm statute. The Illinois Supreme Court stated, "the Illinois long-arm statute 'may well restrict the power that the courts of this State have to bring nonresidents before them to a greater extent than do the Federal due process clause and the "minimum contacts" standard developed over the years by the Supreme Court.'" *Id.* at 785, (citing *Rollins v. Ellwood*, 565 N.E.2d 1302, 1314 (Ill. 1990)).

The Court in *Russell*, applying the Supreme Court standards of *Goodyear* and *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011) (plurality op.), noted that courts in Illinois must "consider whether defendant has minimum contacts with Illinois and whether subjecting it to litigation in Illinois is reasonable under traditional notion of fair play and substantial justice." 987 N.E.2d at 786. The *Russell* Court stated that specific jurisdiction requires a "showing that the defendant purposefully directed its activities at the forum state and the cause of action arose out of or relates to the defendant's contacts with the forum state." *Id*. at 787. Therefore, this Court must look to whether Plaintiff has established that with respect to General Electric this cause of action arose out of or relates to General Electric's contacts with Illinois. Plaintiff simply has not made such a showing. In *Walden v. Fiore,* the Supreme Court stated that to meet the "minimum contacts" standards for specific jurisdiction, Plaintiff must establish that the relationship with the forum state as to the alleged cause of action is based on contacts with the

state which the defendant creates itself, and that the plaintiff "cannot be the only link between the defendant and the forum." 134 S.Ct. at 1222.

In the instant case, Plaintiff has only made a general allegation that the Defendant manufactured and sold asbestos-containing products. There is absolutely *no* specificity as to any sale, distribution or installation of a General Electric product in Illinois directly related to Plaintiff's claims of Decedent's exposure. It is clear that for an assertion of specific jurisdiction over a non-resident defendant, Plaintiff must show a "relationship among the defendant, the forum, and the litigation." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984).

In this case, there is no connection of any kind between the State of Illinois, General Electric, and Decedent's alleged asbestos-related disease or his alleged exposure to asbestos. The allegations of the First Amended Complaint are sweeping and very general. There are no specific allegations of *any* activity of General Electric related to this action in the State of Illinois. Decedent is alleged to have been stationed in Connecticut, and Washington, and to have trained in New York. In addition, he is alleged to have served in the United States Navy aboard various submarines. There is no allegation of any activity of General Electric in Illinois that may have led to Decedent's exposure to any General Electric asbestos-containing product. As the Supreme Court stated in *Walden v. Fiore*, 134 S. Ct. at 1122, "the defendant's *suit-related conduct* must create a substantial connection with the forum State" for the Court's exercise of jurisdiction to satisfy Due Process concerns. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (emphasis added)).

Plaintiff has failed to establish that Decedent's claims against General Electric arose out of any contact that General Electric had with the State of Illinois, or that any act of General Electric somehow injured him in Illinois. Accordingly, Plaintiff has failed to establish that this

Court has specific jurisdiction over General Electric under Illinois law, and the Court should find that General Electric is not subject to this Court's specific jurisdiction in this matter.

B. <u>General Jurisdiction</u>

As stated above, in order to exercise general or "all-purpose" jurisdiction over a corporation, Plaintiff must establish that General Electric's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear,* 131 S. Ct. at 2851; *Daimler*, 134 S. Ct. at 761. The Supreme Court equated a corporation's "home" as the equivalent of an "individual's domicile." 134 S. Ct. at 761. Further, "with respect to a corporation, the place of incorporation and principal place of business are 'paradig[m]…bases for general jurisdiction.'" *Id*. at 760. "Those affiliations have the virtue of being unique – that is, each ordinarily indicates only one place – as well as easily ascertainable." *Id*. The *Daimler* Court noted that it would be an "exceptional case" where general jurisdiction over a corporation would be somewhere *other* than where the corporation is incorporated or has its principal place of business. *Id.* at 761 n. 19. There is no evidence before this Court that the instant matter falls within the Supreme Court's definition of an "exceptional case" which would allow this Court to exercise general jurisdiction over General Electric.

Recent decisions of this Court applying *Daimler* have found that various plaintiffs have failed to establish this Court's jurisdiction over out of state defendants, including, General Electric. This Court has applied *Daimler* to claims brought against non-resident defendants, including General Electric, determining that the Court lacked personal jurisdiction over General Electric, among other defendants. *See Begin v. Air & Liquid System Corp.,* No. 15-CV-830-SMY-DGW (S.D. Ill. Jan. 19, 2016)(Yandle, J.) where this Court *specifically* determined that plaintiffs' allegations that Begin's alleged exposure while in the U.S. Navy and during

employment at Pennsylvania Power & Light and Toledo Edison did not support a finding of specific personal jurisdiction. *Id.* at *2. In addition, the Court determined that "Defendants [including General Electric] are not incorporated nor maintain their principal place of business in Illinois. Further, Defendants' affiliations with Illinois are not 'so continuous and systematic' as to render Defendants at home in Illinois." *Id.* at *3. This Court should therefore find that it lacks both specific and general personal jurisdiction over General Electric in this matter. See, also, *Rozumek v. Air and Liquid Systems, Inc.,* No. 15-CV-441 (S.D. Ill. July 1, 2015) (Yandle, J.) (Where the court specifically found that plaintiff's assertion that the non-resident defendant had a "presence" in Illinois because it might have a registration to transact business in Illinois, have offices in Illinois and employ Illinois residents was *not enough* to establish the "continuous and systematic" requirements of *Daimler* to establish general personal jurisdiction over the non-resident defendant in Illinois. *Rozumek, id*, at *3).

Other recent decisions of this Court and other courts applying *Daimler* have similarly found that although the various defendants may have had a "presence" in the state, their corporations were not "at home" in that state and therefore general personal jurisdiction did not exist over the out-of-state corporations. See, *Denton v. Air & Liquid Systems*, no. 13-cv-1243-SMY-DGW, 2015 WL 738674 (S.D. Ill. Feb. 19, 2015) (Clow Corporation-no general personal jurisdiction in Illinois); *Denton v. Air & Liquid Systems*, no. 13-cv-1243-SMY-DGW, 2015 WL 738637 (S.D. Ill. Feb. 19, 2015) (BASF-no general personal jurisdiction in Illinois); *Denton v. Air & Liquid Systems*, no. 13-cv-1243-SMY-DGW, 2015 WL 738659 (S.D. Ill. Feb. 19, 2015) (Valero Energy Corporation-no general personal jurisdiction in Illinois); *see also*, *Monkton Ins. Servs., Ltd. v. Ritter,* 768 F.3d 429, 432 (5th Cir. 2014) (recognizing that after *Goodyear* and *Daimler* "[i]t is ... incredibly difficult to establish general jurisdiction in a forum other than the

place of incorporation or principal place of business"); *Gucci Am., Inc. v. Weixing Li,* 768 F.3d 122 (2d Cir. 2014) (reversing a district court's grant of general jurisdiction where *Daimler* was handed down after oral argument; the defendant was not "an exceptional case" sufficient to justify the exercise of general jurisdiction); *Martinez v. Aero Caribbean,* 764 F.3d 1062, 1070 (9th Cir.2014) (noting that *Daimler* "makes clear the demanding nature of the standard for general personal jurisdiction over a corporation"); *Advanced Tactical Ordnance Sys. v. Real Action Paintball, Inc.,* 751 F.3d 796, 798 (7th Cir. 2014) (finding that jurisdiction did not exist under Indiana long-arm statute over a company that fulfilled orders in Indiana, knew plaintiff was an Indiana company, sent "blast" emails to its customers, had made sales to at least one Indiana customer, and regularly emailed its Indiana customers); *AstraZeneca AB v. Mylan Pharm., Inc.,* 2014 WL 5778016, at *2 (D. Del. Nov. 5, 2014) ("Recent Supreme Court opinions confirm that general jurisdiction—often referred to as 'all-purpose' jurisdiction-'[has played] a reduced role.' "(quoting *Daimler,* 134 S. Ct. at 755)); *Estate of Thompson v. Mission Essential Personnel, LLC,* No. 11–0547, 2014 WL 4745947, at *2 (M.D.N.C. Sept. 23, 2014) (applying the "stringent principles articulated most recently in *Daimler* " to decline to exercise general jurisdiction over a non-resident corporate defendant); *World Traveling Foods, LLC v. Diamond Aircraft Indus., Inc.,* No. 11–61670, 2014 WL 4102160, at *4 (S.D.Fla. Aug. 18, 2014) (holding that a previous, lower standard for general personal jurisdiction was not met, "let alone the more stringent standard set forth in *Goodyear* and *Daimler.*"); *Sullivan v. Sony Music Ent.,* 2014 WL 5473142, *3 (N.D. Ill. Oct 29, 2014) (finding that a Delaware general partnership, with its principal place of business in New York, was not subject to jurisdiction in Illinois); *Estate of Captain David John Paul Thompson v. Mission Essential Personnel, LLC,* 2014 WL 4745947, *4 (M. D. North Carolina, Sept. 23, 2014) (finding that although defendant's contacts with North

Carolina could be "systematic and continuous", the contacts were not "so systematic and continuous" to warrant a finding that defendant was domiciled in North Carolina); *Price v. Waste Mgt., Inc.,* 2014 WL 176472, *8 (D. MD, April 30, 2014) (finding that jurisdiction did not exist over Waste Management, which did not conduct, transact, or solicit business in Maryland; was not qualified or licensed to do business in Maryland; and, did not maintain an agent for service of process, an office, a telephone listing, or a mailing address in Maryland); *Brown v. CBS Corp.*, 2014 WL 1924469, *1 (D. Conn., May 14, 2014) (holding that defendant Lockheed Martin was not subject to Connecticut long-arm jurisdiction even though it did approximately $160 million in Connecticut-based revenue, maintained employees at four locations in Connecticut, leased four parcels of real property, and paid state corporate income tax to Connecticut. Plaintiff, an Alabama resident, alleged exposure to asbestos products while Plaintiff was in the United States Air Force); *Air Tropiques, SPRL v. Northern & Western Ins. Co. Ltd.*, 2014 WL 1323046 *3 (S.D. TX, March 31, 2014) (no jurisdiction over a St. Kitts insurer, based in Africa, where loss occurred in Africa)

This Court should find, as it did in the *Begin* case, inter alia, that Plaintiff has failed to establish this Court's personal jurisdiction over General Electric. General Electric is not incorporated in Illinois and does not have its principal place of business in Illinois. General Electric was incorporated under the laws of the State of New York in the 1890s. Its principal place of business is currently in Fairfield, Connecticut. See, *Begin v. Air & Liquid System Corp.,* No. 15-CV-830 at *3. Clearly, Plaintiff has failed to show that General Electric's relationship and activities in Illinois *in this matter* have been so "continuous and systematic" as to render it "at home" in Illinois, and therefore subject to the Court's general jurisdiction. As the Court stated in *Goodyear*, quoting *International Shoe*, 326 U.S. at 318, a "corporation's 'continuous

activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" 131 S. Ct. at 2856 quoting *International Shoe*, 325 U.S. at 318. General Electric's "attenuated connections" to Illinois fall short of the "continuous and systematic general business contacts" necessary for Courts in Illinois to "entertain suits against them on claims unrelated to anything that connects them to the State." *Goodyear*, 131 S. Ct. at 2857.

Therefore, this Court should find that General Electric is not subject in this case to either the specific or general personal jurisdiction of this Court, and Plaintiff's claims against General Electric should be dismissed for lack of personal jurisdiction.

## **CONCLUSION**

Accordingly, Defendant General Electric Company seeks dismissal of the Plaintiff's First Amended Complaint for lack of personal jurisdiction, either specific or general, and for such other and further relief as this Court deems just and proper.

ARMSTRONG TEASDALE LLP

By: */s/ Raymond R. Fournie*
   Raymond R. Fournie    #3126094
   Anita M. Kidd    #6229585
   Melanie R. King    #6192411
   Julie Fix Meyer    #6189064
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.621.5065 (facsimile)
rfournie@armstrongteasdale.com
akidd@armstrongteasdale.com
mking@armstrongteasdale.com
jfixmeyer@armstrongteasdale.com

ATTORNEYS FOR DEFENDANT
GENERAL ELECTRIC COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2016, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Raymond R. Fournie*
